# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT WICHITA, KANSAS

| | |
|---|---|
| JACOBO LOEWEN, )<br>)<br>Plaintiff, )<br>-vs- )<br>)<br>CROELL, INC. )<br>)<br>Defendant. )<br>_____ ) | Case No. |

## COMPLAINT

Plaintiff, Jacobo Loewen, through counsel, Tony L. Atterbury and Jay Sizemore of Bull Attorneys, P.A. and for his claims against Defendant, Croell, Inc., alleges and states:

## GENERAL ALLEGATIONS OF FACTS

1. Plaintiff is a citizen of the State of Kansas.

2. Defendant Croell, Inc., (hereinafter "Croell") is an Iowa corporation, incorporated under the laws of the State of Iowa with its principal place of business located at 2010 Kenwood Avenue, P.O. Box 430, New Hampton, Iowa 50659, a state other than Kansas where the Plaintiff is a citizen. Croell may be served with process its registered agent Adams Jones Law Firm, P.A., 1635 N. Waterfront Parkway Suite 200, Wichita, KS 67206.

4. This Court has proper venue and jurisdiction over the persons and subject matter.

5. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

6. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars

($75,000.00) exclusive of interest and costs.

7. Diego A. Martinez-Guerrero herein after "Martinez-Guerrero" was operating a concrete mixing truck in the course and scope of his employment with Defendant Croell on October 30, 2020 and for all allegations brought herein, the actions and/or omissions of Martinez-Guerrero are the actions and/or omissions of Defendant Croell, under the doctrines of *respondeat superior* and vicarious liability.

8. Martinez-Guerrero operated the concrete mixing truck which is a commercial motor vehicle as an employee of Defendant Croell. Defendant Croell previously applied for motor carrier authority through the United States Department of Transportation to operate as a motor carrier under DOT number 203490.

9. The actions and/or omissions of Defendant Croell as set forth in this Complaint proximately caused serious, permanent injuries and damages to Plaintiff Jacobo Loewen.

10. Upon information and belief, Defendant Croell did not adequately train or supervise Martinez-Guerrero through proper training and did not use any defensive driving training manual, nor did they use any formal classroom orientation to teach Martinez-Guerrero hazard perception skills, accident-avoidance skills, and/or defensive driving skills.

11. Upon information and belief, Defendant Croell required Martinez-Guerrero to follow an "on-time" delivery protocol providing financial incentives for Martinez-Guerrero to drive fatigued in violation of the maximum hours rules of service because he was penalized if he did not make his deliveries on-time.

12. Defendant Croell's drivers have a history of driving violations while operating commercial vehicles for Croell. The violations include speeding, failure to maintain lane, using a cell phone while driving, operating a commercial motor vehicle without a commercial license,

brake violations, and other various violations as evidenced from the CSA BASICs (Behavior Analysis and Safety Improvement Categories) Investigative Results attached as Exhibit "A".

13. On or about October 30, 2020, the Plaintiff was driving a telehandler westbound on U.S. Highway 56 in Haskell County, Kansas.  A telehandler is a hydraulic lifting machine that can be used for both agricultural and construction use. A telehandler is more maneuverable than a classic tractor with a front lift and has better visibility.

14. Plaintiff was driving the telehandler on the shoulder and off to the right side of U.S. 56 when he was rear-ended by Martinez-Guerrero who was traveling at a high rate of speed.

15. The Kansas Highway Patrol investigating officer determined the point area of impact was on the right shoulder of the road.

16. The investigating officer gave his opinion that the Martinez-Guerrero was following too closely and was also being inattentive.

17. Martinez-Guerrero had no valid reason to be driving on the right shoulder of U.S. Highway 56.

18. At the above-mentioned time and place and at all times herein relevant, Martinez-Guerrero was operating a concrete mixing truck registered in Iowa, bearing VIN 5KKMAVDV7FPGH8419, as an employee of Defendant Croell and at all times herein relevant was acting within the course and scope of his employment.

19. At the above-mentioned time and place Martinez-Guerrero while acting within the course and scope of his employment drove the concrete mixing truck and collided with the rear end of the telehandler the Plaintiff was driving.

20. The impact of the collision made the Plaintiff's vehicle roll and proximately caused him to suffer serious and permanent injuries.

21. The commercial motor vehicle operated by Martinez-Guerrero was owned and/or operated and/or leased by Defendant Croell and was dispatched, supervised, maintained, monitored, operated, and controlled by Croell.

22. Martinez-Guerrero was hired, retained, supervised, and trained by Defendant Croell.

23. At the time of the collision which is the subject matter of this litigation, Defendant Croell was operating a fleet of commercial motor vehicles, trucks, and other vehicles as a motor carrier as defined by the Federal Motor Carrier Safety Regulations (FMCSR).

24. That at all times material hereto, Defendant Croell and Martinez-Guerrero were operating under authority granted by the DOT under license number 203490.

25. 49 C.F.R. § 390.3(e) (1) & (2) provide that every employee shall be instructed regarding and shall comply with all applicable regulations contained in the (FMCSR).

26. 49 C.F.R. § 390.5 provides that "motor carrier" means a for-hire motor carrier or a private motor carrier. That term includes a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of Martinez-Guerrero.

27. 49 C.F.R. § 392.2 provides that every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with.

28. Defendant Croell was at all material times a "motor carrier" and an "employer" of Martinez-Guerrero, as defined as defined in 49 C.F.R. §382.107.

29. 49 U.S.C. § 14704(a)(2) provides that "A carrier . . . is liable for damages sustained by a

person as a result of an action or omission of that carrier. . . in violation of this part."

30. 49 U.S.C. § 14101(a) provides that "a motor carrier shall provide safe and adequate service, equipment and facilities." Defendant Croell and Martinez-Guerrero negligently and wantonly failed to provide safe and adequate service which proximately caused the injury and damages to the Plaintiff.

31. The FMSCRs are located at 49 C.F.R. § 390 *et seq*. The FMCSRs and the MCA specifically operate under the section 40 C.F.R. § 391.1(a) and (b), which states "(a) The rules in this part establish minimum qualifications for persons who drive commercial motor vehicles, as, for, or on behalf of motor carriers. The rules in this part **also establish minimum duties of motor carriers with respect to the qualification of their drivers.** The FMCSRs set forth the applicable minimum industry standard of care including the minimum qualifications for Martinez-Guerrero and the minimum duties for Martinez-Guerrero under 49 C.F.R. § 391.1(a).

**THE FEDERAL MOTOR CARRIER SAFETY REGULATIONS SET FORTH THE APPLICABLE MINIMUM INDUSTRY STANDARDS OF CARE TO ESTABLISH NEGLIGENCE AND WANTON CONDUCT**

32. Plaintiff re-alleges the allegations contained in paragraphs one (1) through thirty-one (31) above as if though fully set forth herein.

33. The allegations contained in this Complaint regarding the FMCSR are set forth to establish that the Defendant did not comply with the industry standard of care and the minimum standard of care described by the FMCSR and the interpretive categories under the CSA BASICs to establish the negligence of the Defendant and are not brought to allege a private cause of action for violation of the FMCSR.

34. The actions and/or omissions of Defendant Croell are the actions and/or omissions of

Martinez-Guerrero under the doctrines of *respondeat superior* and vicarious liability and upon information and belief, are negligent, careless, and wanton and include, but are not limited to:

A) Following too closely;

B) Inattentive operation of a motor vehicle;

C) Failure to keep a proper lookout;

D) Speeding too fast for the present existing conditions of traffic;

E) Failure to warn;

F) Careless driving;

G) Incompetent driving;

H) Driving too fast for then existing weather conditions;

I) Upon information and belief, violation of K.S.A. 8-15,111 which places a duty upon Martinez-Guerrero not to use cellular devices while operating a motor vehicle and which requires that no person shall operate a vehicle while using a wireless communication device to write, send or read a written communication by typing, sending or reading a written communication, including, but not limited to a text message, instant message or electronic mail and using mapping services on his phone or dashboard;

J) Upon information and belief, failing to comply with the requirements and recommendations of the DOT and FMCSA regarding using the following safety protocols: failing to perform post-accident investigations; failing to set up and utilize a Safety Review Board; failing to train Martinez-Guerrero in defensive driving, hazard perception, and accident awareness techniques;

K) Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. §§ 381 through 399 and the interpretive CSA BASICs;

L) Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 392.3 by operation of a commercial motor vehicle while Martinez-Guerrero's ability or alertness was impaired;

M) Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11(a) by operation of a commercial motor vehicle when Martinez-Guerrero was not properly qualified pursuant to this regulation;

N) Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.113 by operating a fleet vehicle and commercial motor vehicle when Martinez-Guerrero did not possess and demonstrate the safe driving skills required by this regulation;

O) Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.111 by operating a fleet vehicle and commercial motor vehicle when Martinez-Guerrero did not have sufficient basic knowledge of safe operating regulations, including the effects of fatigue, safety systems knowledge, knowledge of basic control maneuvers, and basic information on hazard perception and/or when and how to make emergency maneuvers;

P) Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.110 by operation of a fleet vehicle and commercial motor vehicle without the knowledge and skills necessary to operate the such vehicle safely;

Q) Failing to meet the minimum duties and industry standards set forth under 49 C.F.R. § 390.11 by failing to observe and follow the FMCSR;

R)   Failing to meet and follow the maximum hours-of-services limits prescribed by law under 49 C.F.R. 395.1 *et. seq.*;

S)   Failing to maintain copies of Martinez-Guerrero's logs in their accurate and complete unaltered manner as required by 49 C.F.R. 395.3 *et. seq.*;

T)   Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R § 383.110, 49 C.F.R. § 383.111, 49 C.F.R. 383.113 by failing to have adequate safety management controls in place that would require Martinez-Guerrero to have the required skills and safety management controls mandated by this regulation.

U)   Upon information and belief, failing to comply with the requirements and recommendations of the DOT and FMCSA regarding using the following safety protocols: failing to perform post-accident investigations; failing to set up and utilize a Safety Review Board; failing to train Martinez-Guerrero in defensive driving, hazard perception, and accident awareness techniques;

V)   Upon information and belief, Defendant's training and/or supervision of Martinez-Guerrero is negligent; for failing to create and implement any Safety Review Board; for failing to create and train all Martinez-Guerrero with defensive training, accident avoidance training, and hazard perception and recognition techniques regarding space, cushion, following distance and other safe driving techniques; for failing to train Martinez-Guerrero on a safe driving distance between vehicles; for failing to utilize log and hours of service monitoring in real time through GPS tracking; for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.111 by failing to properly road test their Martinez-Guerrero over his knowledge of cushion and space management techniques, hazard perception techniques, braking

8

      techniques, visual search techniques and fatigue and awareness; and/or for creating, implementing and requiring their drivers in this case and their other Martinez-Guerrero to have to a protocol that delivery must be made on-time or they will be penalized with a loss of pay, suspension or termination;

W) Failing to follow the oath that they would provide Martinez-Guerrero orientation, ongoing training and would monitor the safety compliance of Martinez-Guerrero and as required by the motor carrier to obtain driving authority pursuant to the request for authority under DOT From OP-1;

X) Other violations of laws, statutes, ordinances and regulations of the State of Kansas that will be determined through the discovery process of this lawsuit.

### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION CLAIMS

35. Plaintiff re-alleges the allegations contained in paragraphs one (1) through thirty-four (34) above as if though fully set forth herein.

36. Upon information and belief, all allegations set forth above in prior paragraphs establish that Defendant was negligent, wanton, and reckless as set forth above and for the following actions and/or omissions.

37. Upon information and belief, Defendant Croell was negligent in their hiring of Martinez-Guerrero for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11 and 49 C.F.R. § 391.21, 49 C.F.R. § 391.23 by failing to qualify Martinez-Guerrero properly and by failing to make an appropriate investigation and/or inquiries of Defendant Martinez-Guerrero's background in the prior ten (10) year period and by failing to obtain the federally required information on the application for employment of Martinez-Guerrero with required ten (10) year background checks, criminal history checks,

and obtaining actual responses from prior employers.

38. Upon information and belief, Defendant Croell failed to train and/or supervise Martinez-Guerrero; was negligent for failing to create and implement any Safety Review Board; for failing to create and train all Martinez-Guerrero s with defensive Martinez-Guerrero training, accident avoidance training, and hazard perception and recognition techniques regarding space, cushion, following distance and other safe driving techniques; for failing to adequately evaluate the actual driving time of Martinez-Guerrero through log evaluation and dispatch personnel that would be able to accurately monitor and supervise his hours-of-service; for failing to train Martinez-Guerrero on what do when driving behind another vehicle in inclement weather; for failing to utilize log and hours of service monitoring in real time through GPS tracking; for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.111 by failing to properly road test Martinez-Guerrero over his knowledge of stopping distance, cushion and space management techniques, hazard perception techniques, braking techniques, visual search techniques and fatigue and awareness; and/or for creating, implementing and requiring their driver such as Martinez-Guerrero to a protocol that delivery must be made on-time or they would be penalized with a loss of pay, suspension or termination.

39. Upon information and belief, Defendant Croell negligently retained Martinez-Guerrero by failing to immediately terminate, suspend, and/or reprimand him following this preventable crash.

40. Defendant Croell's actions and/or omissions, establish negligent hiring, retention, supervision, and training of Martinez-Guerrero and managers who supervised Martinez-Guerrero.

41. Defendant Croell and its respective agents, employees, and/or representatives were careless and negligent and wanton for negligent hiring, training, supervision, and retention of Martinez-Guerrero and his supervisory personnel. Defendant Croell willfully, negligently and/or wantonly hired unfit employees and agents and then failed to properly train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to, Martinez-Guerrero and his supervisory personnel. Defendant Croell has an obligation to use reasonable care in selecting and retaining its employees, agents, and independent contractors, and was negligent in hiring, selection, training, monitoring, and retaining their employees, agents, and independent contractors, including, but not limited to Martinez-Guerrero.

42. Defendant Croell negligently and wantonly failed to use reasonable care in the hiring, selecting, training, monitoring, and retention of their employees and agents, including, but not limited to Martinez-Guerrero.

43. Defendant Croell's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents, and independent contractors, including Martinez-Guerrero and his supervisory personnel, proximately caused injuries suffered by Plaintiff;

44. Upon information and belief, Defendant Croell failed to test its employee, Martinez-Guerrero for alcohol and/or drug consumption immediately after the subject collision.

### **RATIFICATION IS ESTABLISHED BY EXPRESS OR IMPLIED RATIFICATION**

45. Plaintiff re-alleges the allegations contained in paragraphs one (1) through forty-four (44) above as if though fully set forth herein.

46. Defendant Croell has ratified all the alleged conduct of Martinez-Guerrero either expressly or impliedly. Upon information and belief, Martinez-Guerrero was not reprimanded, suspended, terminated, or retrained following the subject collision. More importantly, the FMCSR and CSA BASICs violations set forth above establish that Defendant Croell expressly disregarded the FMCSR, the CSA BASICs, and the industry standards of care for safety in the trucking industry or impliedly turned a blind eye to safety.

47. Hiring or employing a professional truck driver such as Martinez-Guerrero that does not understand the dangers of following too closely and inattentive driving.

## PLAINTIFF'S ACTUAL AND COMPENSATORY DAMAGES

48. The Plaintiff re-alleges the allegations contained in paragraphs one (1) through forty-seven (47) above as if though fully set forth herein.

49. As a proximate result of the negligent, careless, and wanton actions and omissions of Defendant Croell and Martinez-Guerrero as aforesaid, Plaintiff has received injuries to his body, including, but not limited to: cervical spine, thoracic spine, lumbar spine, left shoulder, left elbow, left wrist, left him, and right leg. He was diagnosed with a concussion. Staples were applied to the wounds of his head. Plaintiff underwent emergency room care, follow-up care, physical therapy; injections; an MRI; and then a lumbar spine surgery with the following procedures:

    1. Laminectomy with decompression and foraminotomy and facetectomy L3-4, L4-5, L5-S1;
    2. Smith-Peterson Osteotomy L3-4, L4-5, L5-S1;
    3. Posterior Lumbar Interbody Fusion L5-S1;
    4. Restoration of Disc Height and Lumbar Lordosis;
    5. Correction of Disc Height Loss;
    6. Correction of Flat Back;
    7. Instrumentation L3-4, L4-5, L5-S1;
    8. Posterolateral Fusion with autograft, L3-4, L4-5, L5-S1.

and may have had aggravation to a pre-existing condition, and was otherwise injured. Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability.  In the future, Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

50. Plaintiff additionally brings claims for the loss of consortium suffered by his wife.

WHEREFORE, Plaintiff prays for judgment against Defendant Croell for all damages allowed under Kansas law as actual compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); for costs herein, for interest where allowed and for such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

**BULL ATTORNEYS, P.A.**

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314
/s/ Jay Sizemore
Jay Sizemore #20395
10111 E. 21st Street N., Suite 204
Wichita, Kansas 67206
Ph: 316-684-4400 / Fax: 316-684-4405
tony@bullattorneys.com
jay@bullattorney.com
*Attorneys for Plaintiff*

13

Case 6:22-cv-01053-EFM-GEB   Document 1   Filed 02/25/22   Page 14 of 14

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and a trial by jury in this matter.

/s/Tony L. Atterbury
Tony L. Atterbury, #20314

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiffs and designates Wichita, Kansas as the place for trial in this matter.

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314

14